IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**Deante Drake,**

    **Plaintiff,**

v.                                                                   Civil Action No. 1:13-cv-244
                                                                           (Judge Keeley)

**DARREN STOUT, Deputy**,
**BRIAN PURKEY, Sergeant,**
**MIKE WEISS, Deputy,**
**BOB COOK, Sergeant**,

    **Defendants.**

## REPORT AND RECOMMENDATION

Th plaintiff, a *pro se* federal inmate, initiated this case by filing a civil rights complaint on August 28, 2013 in the Western District of Pennsylvania.[1] On September 30, 2013, the plaintiff paid the $400 filing fee. By Memorandum Opinion and Order dated November 1, 2013, the action was transferred to this district. On November 4, 2013, the plaintiff was issued a Notice of Deficient Pleading. On December 4, 2013, the plaintiff filed his Complaint on a court-approved form, and he also filed a Motion to Not Apply the Procedural Bar Outlined in *Heck v. Humphrey*. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1915(A).

## I. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits

---

[1]Civil Action No. 13-1247

brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See Neitzke* at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless."*Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2007, Deputy Darren Stout, an officer with the Harrison Lewis Narcotics and Violent Crimes Task Force, applied for and was issued a search warrant by United States District Judge Irene Keeley. In the course of executing the search warrant, task force officers arrested Plaintiff for possession of crack cocaine. On May 9, 2007, Deputy Stout filed a criminal complaint against the plaintiff in this Court and Plaintiff was arrested and brought before United States Magistrate Judge John Kaull.[2] After a preliminary hearing and a detention hearing, Judge Kaull found probable cause to believe the plaintiff possessed with the intent to distribute five grams or more of crack cocaine. Judge Kaull also detained Plaintiff pending final disposition of his case.

On June 5, 2007, Plaintiff was named in three counts of a five count indictment charging him and three co-defendants with conspiracy to distribute crack cocaine. On July 6, 2007, Plaintiff filed

---

[2]Case No. 1:07-cr-53.

2

a motion to suppress the evidence seized on May 8, 2007. In the motion, the plaintiff alleged that the search warrant was not based on probable cause and was facially defective. Deputy Stout and Task Force Commander, Sergeant Brian Purkey, testified at the suppression hearing. On August 3, 2007, Judge Kaull issued a Report and Recommendation that the plaintiff's motion to suppress be denied. On January 9, 2008, Judge Keeley adopted the Report and Recommendation. Also on January 9, 2008, the plaintiff plead guilty to count one of the indictment charging him with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base. On May 13, 2008, the plaintiff was sentenced to 292 months incarceration.

Plaintiff filed a direct appeal of his conviction and sentence on May 30, 2008. The Fourth Circuit Court of Appeals dismissed the appeal in part and affirmed the conviction and sentence in part on March 16, 2009.

On August 28, 2009, Plaintiff filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence.[3] On January 27, 2011, Judge Kaull issued a Report and Recommendation recommending that Plaintiff's motion be denied and the case be dismissed with prejudice.[4] The Report and Recommendation was adopted by Order dated March 21, 2011. Plaintiff appealed the denial of his motion to the Fourth Circuit Court of Appeals, which denied a certificate of appealability and dismissed the appeal on February 12, 2012. On November 22, 2013, Plaintiff filed another Motion to Vacate Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence.[5] On February 18, 2014, the undersigned issued a Report and Recommendation recommending that the

---

[3] Case No. 1:07-cr-53, Dkt. No. 223.

[4] Case No. 1:07-cr-53, Dkt. No. 245.

[5] Case No. 1:07-cr-53, Dkt. No. 308.

motion be denied.[6]

## III. THE COMPLAINT

In his complaint, Plaintiff asserts various claims against the four defendants, all involving actions they took during his arrest and subsequent court proceedings. Plaintiff invokes both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Section 1983 provides a cause of action for those whose federal constitutional rights have been violated by persons acting under color of state law. In contrast, a *Bivens* cause of action arises when a plaintiff alleges that his federal constitutional rights have been violated by persons acting under color of federal law. *Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials."). Here, Plaintiff alleges that the defendants are West Virginia State police officers who were working for a federal drug task force during the events giving rise to his allegations. Plaintiff also alleges that the officers executed a search warrant obtained at the request of an Assistant United States Attorney, and later filed a federal criminal complaint that led to his arrest and indictment. Thus, Plaintiff's complaint is properly construed as a *Bivens* claim because it appears that the officers were acting under color of federal law, despite being state law enforcement officers.

**A. Unlawful Search and False Arrest (Claims 1, 2, 3, 4, 8, and 9)**

In claim 1, Plaintiff alleges that Stout arrested him "with no arrest warrant and no Federal search warrant." In claims 2, 3, and 4, the plaintiff asserts that Purkey, Weiss, and Cook "aided and abetted with the conspiracy when he help [sic] arrest me with no arrest warrant and execute [sic] a

---

[6]Case No. 1:07-cr-53, Dkt. No. 321.

search of 618 Buckhhon Pike at 5:30 p.m. with no search warrant" thereby violating his 14th and 4th Amendment rights. In claim 8, Plaintiff alleges that Stout arrested him with no state arrest warrant. In claim 9, Plaintiff alleges that he was kidnapped and held in the county jail for a year without probable cause or authority.

**B. Deputy Stout's Police Reports (Claims 5, 6, and 7)**

In claims 5, 6, and 7, Plaintiff contends that Stout made various false police reports during the search warrant application process and in filing a criminal complaint against Plaintiff. In claim 5, Plaintiff alleges that "the police investigation report Darren Stout made is false and fabricated." It is unclear if Plaintiff is referring to Stout's search warrant affidavit or Stout's federal criminal complaint filed after the search warrant was executed. In claim 6, Plaintiff alleges that Stout made "different and false statements to the federal magistrate and state magistrate." Again, it is not clear if Plaintiff is referring to the affidavit or criminal compliant. In claim 7, Plaintiff states that "Darren Stout did not have authority to make a criminal complaint under the color of law to the federal magistrate or from his department as a state officer in a civil action under Rule 3 or 4."

**C. Deputy Stout's and Sergeant Purkey's Testimony (Claim 10)**

Finally, in claim 10, Plaintiff alleges that both Stout and Purkey gave false testimony in front of the grand jury and during their testimony at the suppression hearing.

**IV. ANALYSIS**

**A. Plaintiff's *Heck* Motion**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, at 486-87. The Supreme Court also stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Id.* at 484; *see also Wilson v. Johnson*, 535 F.3d 262, 265 (4th Cir. 2008) ("*Heck's* holding precludes a prisoner from a collateral attack that may result in two inconsistent results-for example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment."). The rationale of *Heck* applies equally to actions brought under *Bivens*. *Mobley v. Tompkins*, 473 Fed.Appx. 337 (4th Cir. 2012) (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997)). Therefore, if a decision favorable to a plaintiff necessarily implies the invalidity of the plaintiff's conviction, and the plaintiff has failed to show that his or her conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, the plaintiff's claim is barred and should be dismissed.

In his motion, the plaintiff contends that the *Heck* bar should not be applied in his case because he waived his right to collaterally attack his sentence by pleading guilty. Thus, he argues that because "the waiver of rights in the guilty plea prevents [him] from invalidating his conviction based on information that could become manifest through this suit," the guilty plea "renders *Heck v. Humphrey*'s procedural bar inapplicable to [his] case." However, Plaintiff's argument amounts to the very end run around habeas corpus relief upon which the reasoning of *Heck v. Humphrey* is based. In fact, if Plaintiff's reasoning were accepted, a waiver of appellate rights in a plea agreement

6

would be reduced to a virtual nullity, and "would confer on [Plaintiff] the benefit of [his] plea bargain while shielding [him] from its consequences." *Lewis v. City of Clarksburg*, 1:11CV192, 2013 WL 529954 (N.D.W.Va. Feb. 11, 2013) (citing *Bishop v. County of Macon*, 484 Fed.Appx. 753 (4th Cir. 2012)). Accordingly, Plaintiff's argument lacks merit.

**B. Plaintiff's Complaint**

As noted above, Plaintiff alleges that the defendants falsely arrested him with no probable cause, conspired against him to obtain an illegal search warrant, withheld exculpatory evidence from the Court, and gave untruthful testimony, all in an effort to secure an unlawful conviction. Moreover, in addition to compensatory damages and punitive damages, Plaintiff specifically seeks a trial by jury in his prayer for relief. Therefore, it is clear that a decision favorable to the plaintiff with respect to his allegations "would necessarily imply the invalidity of his conviction or sentence." *Harden v. Pataki*, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing *Heck* at 487); *see also Gautreaux v. Sanders*, 395 Fed.Appx. 311, 312 (8th Cir.2010) (unpublished opinion) (*Heck* barred civil rights claims based on allegations of an invalid arrest warrant and alteration of records used to secure claimant's criminal conviction); *Williams v.. Schario*, 93 F.3d 527, 529 (8th Cir.1996) (*Heck* barred claims of false testimony and malicious prosecution, which, if vindicated, would have implied that claimant's criminal conviction was invalid); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996) (*Heck* barred claims that police officers lacked probable cause for arrest and brought unfounded criminal charges). Additionally, Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, Plaintiff's conviction and sentence have been upheld on

direct appeal, and he has already had one Motion to Vacate pursuant to 28 U.S.C. §2255, denied in the sentencing court. Accordingly, the plaintiff has no chance of success on the merits and this claim is frivolous.

## V. RECOMMENDATION

In consideration of the foregoing, it is recommended that:

(1) Plaintiff's Motion to Not Apply the Procedural Bar Outlined in *Heck v. Humphrey* (Dkt. 20) be **DENIED**; and

(2) Plaintiff's Complaint (Dkt. 19) be **DISMISSED with prejudice**.

**Within fourteen (14) days** after being served with a copy of this Recommendation any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: February 25, 2014 /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE