IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEANTE DRAKE,

            Plaintiff,

v.                          //   CIVIL ACTION NO. 1:13CV244
                                      (Judge Keeley)

DARREN STOUT, Deputy,
BRIAN PURKEY, Sergeant,
MIKE WEISS, Deputy, and
BOB COOK, Sergeant,

            Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22],
DENYING MOTION TO AMEND [DKT. NO. 25] AS MOOT, DENYING
MOTION NOT TO APPLY PROCEDURAL BAR [20], AND
DISMISSING COMPLAINT [DKT. NO. 19] WITH PREJUDICE

On December 4, 2013, the pro se plaintiff, Deante Drake

("Drake"), who is currently incarcerated at FCI Schuylkill in

Minersville, Pennsylvania, filed a complaint on a court-approved

form (dkt. no. 19), pursuant to 42 U.S.C. § 1983 and Bivens v. Six

Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On the same day, Drake filed a motion not to apply the procedural

bar outlined in Heck v. Humphrey, 512 U.S. 477 (1994) (dkt. no.

20).   On March 20, 2014, Drake filed a motion to amend his

complaint (dkt. no. 25) by adding "et al. on the list of parties,

to reflect those know[n] and unknown, and to allow space for others

found during discovery."

The case was assigned to the Honorable James E. Seibert,

United States Magistrate Judge, under LR PL P 2.  Pursuant to 28

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22],
DENYING MOTION TO AMEND [DKT. NO. 25] AS MOOT, DENYING
MOTION NOT TO APPLY PROCEDURAL BAR [20], AND
DISMISSING COMPLAINT [DKT. NO. 19] WITH PREJUDICE**

U.S.C. § 1915A, Judge Seibert performed an initial screening of the
case to determine if the complaint was frivolous, malicious, or
failed to state a cognizable claim.  On February 25, 2014, Judge
Seibert entered a report and recommendation ("R&R"), recommending
that the Court deny Drake's motion not to apply the <u>Heck</u> procedural
bar and dismiss his complaint with prejudice.  For the following
reasons, the Court **ADOPTS** the R&R, **DENIES** Drake's motion to amend
**AS MOOT**, **DENIES** his motion not to apply the <u>Heck</u> procedural bar,
and **DISMISSES** the complaint **WITH PREJUDICE**.

**I.**

**A. Background**

On May 8, 2007, this Court issued members of the West Virginia
Narcotics and Violent Crimes Task Force (the "Task Force") a search
warrant for Drake's residence.  Upon execution of the warrant, the
officers arrested Drake for possession of crack cocaine.  On May 9,
2007, one of the officers filed a criminal complaint against him in
this Court.  During pre-trial proceedings, Drake filed a motion to
suppress evidence seized during the execution of the search
warrant, arguing that the warrant was invalid, which the Court
denied.  Subsequently, Drake pled guilty to count one of the

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22],
DENYING MOTION TO AMEND [DKT. NO. 25] AS MOOT, DENYING
MOTION NOT TO APPLY PROCEDURAL BAR [20], AND
DISMISSING COMPLAINT [DKT. NO. 19] WITH PREJUDICE**

indictment, charging him with conspiracy to possess with intent to distribute and to distribute fifty grams or more of crack cocaine. On May 13, 2008, the Court sentenced him to 292 months imprisonment.

**B. Complaint**

In his complaint, Drake alleges various claims against four members of the Task Force, arising from Drake's arrest and the search of his residence. Each of the allegations purportedly resulted in the violation of Drake's Fourth and Fourteenth Amendment rights. In claims 1 through 4, Drake alleges that the defendants arrested him and searched his residence without a valid warrant. In claims 5 through 7, he alleges that one of the Task Force members included false information in the affidavit and application for a warrant and the filing of the criminal complaint. Claims 8 and 9 allege that no warrant ever issued. Finally, in claim 10, Drake alleges that two of the Task Force members provided false testimony at the grand jury hearing. As relief, Drake seeks $4 million in compensatory damages and $2 million in punitive damages.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22],
DENYING MOTION TO AMEND [DKT. NO. 25] AS MOOT, DENYING
MOTION NOT TO APPLY PROCEDURAL BAR [20], AND
DISMISSING COMPLAINT [DKT. NO. 19] WITH PREJUDICE**

## II.

In his R&R, Judge Seibert bases his recommendation of dismissal on the holding of the United States Supreme Court in Heck, which provides as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87 (emphasis in original).

Strictly construed, Heck's holding applies only to § 1983 claims; however, the majority of the circuits have extended it to preclude Bivens actions as well. See Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (collecting cases); see also Mobley v. Tompkins, 473 Fed. App'x 337, 337 (4th Cir. 2012) (per curiam) (affirming district court's dismissal of a federal

4

ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22],
DENYING MOTION TO AMEND [DKT. NO. 25] AS MOOT, DENYING
MOTION NOT TO APPLY PROCEDURAL BAR [20], AND
DISMISSING COMPLAINT [DKT. NO. 19] WITH PREJUDICE

prisoner's civil rights action under Heck); Platts v. Buchanan, No.
2:13CV42, 2013 WL 4881960, *3 (N.D.W. Va., Sept. 12, 2013)
(rejecting prisoner's argument that Heck does not preclude Bivens
actions).  Thus, so long as the Court determines that a judgment in
favor of Drake would imply the invalidity of his conviction or
sentence, then his claim will be barred in its entirety.

All of Drake's claims challenge the validity or issuance of
the search warrant that led to his arrest, or the subsequent
proceedings.  If true, the allegations would necessarily undermine
the constitutionality of his conviction.  Moreover, Drake has not
demonstrated that his conviction has already been invalidated.
Therefore, under Heck, his complaint is barred.  Although Drake
argues that, because he waived his appellate rights in his plea
agreement, his conviction could never be invalidated, this Court
has previously rejected the same argument as an "end-run" around
Heck.  See Lewis v. City of Clarksburg, No. 1:11CV192, 2013 WL
529954, *8 (N.D.W. Va., Feb. 11, 2013) (citing Bishop v. County of
Macon, 484 Fed. App'x 753, 755 (4th Cir. 2012) (per curiam), and
does so again here.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22],
DENYING MOTION TO AMEND [DKT. NO. 25] AS MOOT, DENYING
MOTION NOT TO APPLY PROCEDURAL BAR [20], AND
DISMISSING COMPLAINT [DKT. NO. 19] WITH PREJUDICE**

**III.**

For the reasons discussed, the Court **ADOPTS** the R&R, **DENIES** Drake's motion to amend **AS MOOT**, **DENIES** his motion not to apply the <u>Heck</u> procedural bar, and **DISMISSES** the complaint **WITH PREJUDICE**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the <u>pro se</u> plaintiff, return receipt requested, and to enter a separate judgment order.

DATED: May 13, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE